**Leslie A. SPRIGGS, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 21839.**

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 11, 1968.

Decided Jan. 22, 1969.

Mr. John C. Duncan, III, Washington, D. C. (appointed by this court) for appellant.

Mr. Daniel E. Toomey, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and Miss Carol Garfiel, Asst. U. S. Attys., were on the brief, for appellee.

Before DANAHER, TAMM and LEVENTHAL, Circuit Judges.

DANAHER, Circuit Judge:

Convicted of violations of 26 U.S.C. § 4704(a) (first count), and 21 U.S.C. § 174 (second count), the appellant has here argued that the indictment as to the second count was defective and that the trial court's instructions were inadequate.

Having been lawfully arrested for a separate offense,[1] the appellant was found in possession of some 118 glassine packets containing heroin hydrochloride and mannitol. At trial the appellant testified that he had removed the contraband from an abandoned house after he had seen unknown men place there what he thought was money. He realized that there were no stamps on the packets, believed that they contained heroin and admitted knowing that it is illegal to buy, sell or possess heroin. He denied knowing that what he had in his possession had been imported contrary to law or that he knew the source of the heroin.

█ Counsel appointed by this court has contended that the second count had fatally failed to charge all of the essential elements of an offense under 21 U.S.C. § 174. The indictment, in pertinent part, set out that the heroin had been imported into the United States contrary to law "with the knowledge of Leslie A. Spriggs." Thus, to the extent that knowledge on the part of the accused is an element of the offense, it would seem to have been clearly alleged. We find no merit in the contention here proffered.[2]

1. After trial in the Court of General Sessions, Spriggs was convicted, and his conviction was affirmed by the District of Columbia Court of Appeals.

2. *See* Pon Wing Quong v. United States, 111 F.2d 751, 755 (9 Cir. 1940).

■ As to the instructions, we note at once that no objection had been raised at trial, and the appellant must be deemed to have waived any such point. Fed.R. Crim.P. 30. Moreover, the Supreme Court has pointed out the steps necessary—and here followed—for successful prosecution under the identical statutes here invoked.[3]

Certainly the jury was not bound to accept the appellant's purported explanation, and it is our view that the instructions were neither confusing nor misleading.

Affirmed.

---

3. Harris v. United States, 359 U.S. 19, 23, 24, 79 S.Ct. 560, 3 L.Ed.2d 597 (1959). The Court noted additionally that § 201 of the Narcotic Control Act of 1956 has wholly outlawed any possession of heroin. *Id.* at 22 n. 8, 79 S.Ct. 560, 3 L.Ed.2d 597.